**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| FAISAL CHOUDHARY, *et al.*, | ) | |
| *Appellants*, | ) | |
| v. | ) | Case No. 1:25-cv-1558 (PTG/WBP) |
| | ) | No. 25-10435 (KHK) (Chapter 13) |
| THOMAS P. GORMAN, CHAPTER 13 TRUSTEE, | ) | |
| *Appellee*. | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on appeal of the United States Bankruptcy Court for the Eastern District of Virginia's September 3, 2025, Order dismissing the Appellants' chapter 13 bankruptcy case. Dkt. 1. The appeal is brought by Appellants Faisal Choudhary and Melissa Ann Larkin. The U.S. Trustee, here, Appellee Thomas P. Gorman is tasked with "supervis[ing] the administration of cases and trustees in cases under chapter 7, 11 . . . 12, 13, or 15 of title 11 . . . ." 28 U.S.C. § 586. "The United States trustee may raise and may appear and be heard on any issue in any case or proceeding under [Title 11] . . . ." 11 U.S.C. § 307.

On March 5, 2025, Appellants filed for Chapter 13 bankruptcy. *In re Faisal Choudhary*, No. 25-10435 (Bankr. E.D. Va. 2025). Appellants' filing included a bankruptcy petition, completion schedules, and a Chapter 13 plan. On April 22, 2025, the U.S. Trustee objected to confirmation of the Chapter 13 plan, noting that the plan did not account for all unsecured creditors who had submitted proofs of claim and was therefore underfunded. The same day, Lakeview Loan Servicing, LLC, Appellants' mortgage lender, also filed a separate objection. On May 29, 2025, the bankruptcy court denied confirmation of the plan and granted leave to file an amended plan.

On June 19, 2025, Appellants filed an amended Chapter 13 plan (the "Second Plan"). On July 21, 2025, the U.S. Trustee objected to confirmation of the Second Plan, noting that it: (1) proposed a 63-month payment term that was prohibited by statute, and (2) was again underfunded pursuant to Appellants' means test. Separately, on July 21, 2025, the U.S. Trustee moved to dismiss the case pursuant to 11 U.S.C. § 1307(c), arguing that Appellants did "not appear to be proceeding towards confirmation." Bankr. Dkt. 31 at 1. On July 31, 2025, the bankruptcy court denied confirmation and again granted Appellants leave to file an amended plan.

On August 9, 2025, Appellants appealed the bankruptcy court's denial of confirmation of the Second Plan.[1] Appellants did not seek a stay pending their interlocutory appeal, and therefore the case progressed. Also on August 9, 2025, Appellants moved to extend the time for them to file what would have been their second amended Chapter 13 plan, which was due by August 21, 2025. Appellants scheduled their motion for a hearing on August 28, 2025.

At the August 28, 2025, hearing, the bankruptcy court denied Appellants additional time to file their second amended plan and granted the U.S. Trustee's motion to dismiss. The bankruptcy court orally indicated it was granting the motion to dismiss on grounds of unreasonable delay. Dkt. 3-2 at 19:21-22. In support of its ruling, the bankruptcy court noted that the time had expired for Appellants to enter a second amended plan, that Appellants had the means to enter a plan that could be performed in sixty months, and that Appellants had not sought a stay pending appeal. Id. at 18:19-19:7. On September 3, 2025, the bankruptcy court entered an order dismissing the Chapter 13 case. On September 4, 2025, Appellants filed the instant appeal to the September 3, 2025 Order dismissing the case.

[1] That appeal, at case number 1:25-cv-1359, has been consolidated with the instant appeal. No. 1:25-cv1359, Dkt. 10.

Appellants and the U.S. Trustee have filed briefs on appeal. Dkts. 9, 10. Appellants have not filed any reply brief. The Court has not held oral argument in this case, finding such argument would not aid the decisional process. For the reasons that follow, the Court affirms the decision of the bankruptcy court dismissing the Chapter 13 case.

## I. LEGAL STANDARD

Federal district courts are empowered to hear appeals from final judgments, orders, and decrees issued by the bankruptcy court. 28 U.S.C. § 158(a)(1). Involuntary dismissal of a Chapter 13 case is governed by § 1307(c) of the Bankruptcy Code, which provides, in part, that:

> [O]n request of a party in interest or the United States trustee and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title, or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause, including—
> (1) unreasonable delay by the debtor that is prejudicial to creditors . . . .

11 U.S.C. § 1307(c).

A bankruptcy court's order on a motion to dismiss is reviewed for abuse of discretion, its factual findings for clear error, and its legal conclusions *de novo*. *Janvey v. Romero*, 883 F.3d 406, 410 (4th Cir. 2018); *see In re Jenkins*, 784 F.3d 230, 234 (4th Cir. 2015); *In re Piazza*, 719 F.3d 1253, 1271 (11th Cir. 2013). A court "abuses its discretion when it acts in an arbitrary manner, when it fails to consider judicially-recognized factors limiting its discretion, or when it relies on erroneous factual or legal premises." *United States v. Henry*, 673 F.3d 285, 291 (4th Cir. 2012). "[A] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite or firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 394-95 (1948)).

## II. ANALYSIS

At issue on appeal is whether the bankruptcy court abused its discretion in finding that Appellants unreasonably delayed the proceedings in a manner that is prejudicial to creditors. Appellants first argue that the interlocutory appeal of the bankruptcy court's denial of confirmation of the Second Plan, as raised in 1:25-cv-1359, is no longer interlocutory because dismissal was entered into the case. Dkt. 9 at 8. As a result, Appellants argue, that appeal has become subsumed into this one. *Id.* The arguments as to confirmability of the Second Plan are considered only insofar as they bear on the bankruptcy court's decision to dismiss the case.

Appellees raise a separate threshold matter, arguing that the case is equitably moot. Unlike the constitutional doctrine of mootness, which asks whether an Article III case or controversy remains, equitable mootness "is a pragmatic principle, grounded in the notion that, with the passage of time after a judgment in equity and implementation of that judgment, effective relief on appeal becomes impractical, imprudent, and therefore inequitable." *Mac Panel Co. v. Virginia Panel Corp.*, 283 F.3d 622, 625 (4th Cir. 2002). It is typified where a controversy "grow[s] beyond the remedial powers of a court," as "a party, seeking a return to the status quo ante, sits idly by and permits intervening events to extinguish old rights and create new ones." *Id.* (quoting *Central States, Southeast & Southwest Areas Pension Fund v. Central Transport, Inc.*, 841 F.2d 92, 93 (4th Cir.1988)).

The Court does not agree that this case is equitably moot. Although the plan has been divested of funds from monthly payments made since submission of the first plan, those funds were returned to the Appellants. They were not, for instance, dispersed to any particular creditor in a way that affects any party's rights that is beyond the reach of the bankruptcy court. Moreover,

Appellee has not identified any authority indicating that a Chapter 13 case is equitably mooted in circumstances comparable to these.

Proceeding to whether the bankruptcy court abused its discretion in dismissing the case for unreasonable delay, the Court finds no such error. Appellants implicitly argue that there would have been no delay if the bankruptcy court had simply approved their proposed Second Plan, which included a sixty-three-month plan for payments. *See* Dkt. 9 at 8-15. Appellee addresses this by arguing in turn that 11 U.S.C. § 1322(d)[2] forbids the bankruptcy court from confirming a sixty-three-month plan. Dkt. 10 at 10-16.

The issue here is whether the bankruptcy court abused its discretion in finding that Appellants unreasonably delayed proceedings in how they sought confirmation of their novel sixty-three-month plan.[3] Denial of confirmation with leave to amend "changes little" in terms of the ultimate outcome of the case. *Bullard v. Blue Hills Bank*, 575 U.S. 496, 503 (2015). It is therefore interlocutory and not taken as of right. *Id.* As a result, the case proceeds in the ordinary course. A party can avoid this result by seeking a stay pending the interlocutory appeal, especially where a party believes there is a major undecided issue of law that should be determined before the case proceeds. Appellants did not do so here. The case, instead, proceeded.

---

[2] To the extent that the Court reaches the issue, the bankruptcy court did not err in denying confirmation of the Second Plan. 11 U.S.C. § 1322(d) governs the contents of a Chapter 13 plan, and notes that the bankruptcy court "may not approve a period that is longer than 5 years," which is sixty (60) months. 11 U.S.C. § 1322(d). Because Appellants sought confirmation of a plan extending for longer than sixty months, the bankruptcy court did not err in denying confirmation of the second plan.

[3] Appellees also argue that Appellants did not proceed in good faith because they "proposed a 63-month term Second Plan, contrary to current law." Dkt. 10 at 10. However, the transcript of proceedings before the bankruptcy court shows that the bankruptcy court dismissed the case for "unreasonable delay," not bad faith. Dkt. 2-2 at 19:19-22.

Appellants sought additional time to file a second amended plan. Specifically, Appellants sought to circumvent a stay pending appeal, counsel believing that such a stay would not be granted, and instead be given up to seven days after a final decision of this Court on the appeal to file a conforming plan. Dkt. 2-2 at 10:7-12:20. Parties are not allowed to circumvent the statutory appeals process because they believe they cannot succeed on their request for a stay.

Appellants scheduled a hearing on their motion for additional time on a date *after* the date on which their second amended plan would have been due. Appellants did not file a second amended plan by the date such plan was due. This ensured that, if the bankruptcy court denied their motion for additional time, any proposed second amended plan entered thereafter would be untimely. Moreover, a motion to dismiss had been pending from the time the Second Plan was denied. Counsel was on notice that the U.S. Trustee saw this case as not moving towards resolution.

By the time the Court denied Appellants' motion for additional time and granted dismissal, two proposed Chapter 13 plans had been denied confirmation and Appellants had missed the deadline to file a conforming plan. The bankruptcy court reasoned that Appellants had the means to file a conforming sixty-month plan. Appellants do not contest this on appeal. *See* Dkt. 9. Nevertheless, Appellants failed to do so. Although Appellants sought appeal of the denial of confirmation, they did not seek a stay of the case pending appeal.[4] Taken altogether, the bankruptcy court's finding of unreasonable delay is supported.

Finally, Appellants argue that, even if they had unreasonably delayed proceedings, the bankruptcy court erred in finding prejudice to creditors. Dkt. 9 at 18. The Court disagrees.

---

[4] While this Court's review is limited to the decision of the bankruptcy court, it notes that Appellants ultimately did not file anything in that appeal.

Bankruptcy imposes an automatic stay on collections that shields debtors from creditors' legal actions and collection efforts. *Bullard*, 575 U.S. at 503. That stay remains in effect from the time of filing to dismissal. *Id.* In this case, that time represents nearly six months without any payment from the Chapter 13 Trustee or recourse for debts owed. Under Appellants' motion for additional time, that stay would have been extended by months or even years as the appeals process ran. The Court finds no abuse of discretion in the bankruptcy court's view that unreasonable delay and prejudice was "well grounded." Dkt. 3-2 at 18:21.

## III. CONCLUSION

For these reasons, the Court finds that the bankruptcy court did not abuse its discretion when it dismissed the Chapter 13 case. Accordingly, it is hereby

**ORDERED** that the bankruptcy court's September 3, 2025, Order is **AFFIRMED**.

Entered this 23rd day of September, 2026.
Alexandria, Virginia

/s/
Patricia Tolliver Giles
United States District Judge